STATE OF NORTH DAKOTA EX REL. O. S. GUNDERSON, Relator, v. ROBERT BYRNE, Secretary of State, North Dakota, Respondent.

(231 N. W. 862.)

Opinion filed June 6, 1930.

*O. S. Gunderson,* pro se.

*James Morris,* Attorney General, and *Harold D. Shaft,* Assistant Attorney General, for respondent.

CHRISTIANSON, J. One O. S. Gunderson, as relator has made an original application to this court for a writ of mandamus to the secretary of state commanding him to certify to the county auditors of the various counties in the third judicial district in this state the name of said O. S. Gunderson as a candidate for nomination for the office

of judge of the district court of the third judicial district of North Dakota, and to cause the name of said Gunderson to be printed on the official ballot to be used at the primary election to be held on June 25, 1930, as a candidate for nomination for the office of judge of the district court of the said third judicial district of this state. On the return day the defendant appeared and filed an answer and return wherein he admits that the relator caused a nominating petition bearing the signatures of a sufficient number of qualified voters of the said third judicial district to be duly filed, and that the petition otherwise duly complies with the law; but he asserts that under the law no candidates for judge of the district court of said district are to be nominated at said primary election.

In the return it is further alleged: "That at the general election held November 6th, 1928, Charles E. Wolfe and George M. McKenna were elected to the offices of judges of the district court of the third judicial district for the term commencing the first Monday in January, 1929, and expiring the first Monday in January, 1933; that thereafter the said Charles E. Wolfe and George M. McKenna, filed in the office of defendant as secretary of state their oaths of office and upon the first Monday in January, 1929, entered into the duties of said offices; that thereafter the said Charles E. Wolfe departed this life; that thereafter and on the first day of April, 1929, George F. Shafer, the then duly elected, qualified and acting governor of the state of North Dakota did by appointment in writing duly authenticated by the defendant as secretary of state, appoint William H. Hutchinson as judge of the district court for the third judicial district for the remainder of the term of said Charles E. Wolfe, which term will expire the first Monday in January, 1933."

It is admitted that the foregoing allegation in the return and answer of the defendant is true and that the sole question involved is one of law, namely, whether, under the facts thus stated, a judge of the district court of the third judicial district is to be elected at the general election held in 1930 or whether the person appointed by the governor to fill the vacancy caused by the death of Judge Wolfe holds office for the remainder of the term to which said Judge Wolfe was elected. In short, the abstract question presented is whether, upon a vacancy occurring in the office of judge of the district court, the governor has pow-

er to fill such vacancy by appointment for the remainder of the term or whether he has power to fill by appointment only until the next general election. It is the contention of the petitioner that the governor has power to appoint only until the next general election and that, consequently, a judge of the district court is to be elected at the general election held in 1930, and that candidates for such office may be nominated at the primary election held in 1930. The defendant, on the other hand, contends that the governor has power to fill, and is required to fill, any vacancy which may occur in the office of a judge of the district court by appointment for the unexpired term of the former incumbent.

The Constitution of North Dakota provides for a division of the powers of government into three great departments,—executive, legislative and judicial; and contains separate articles relating to each of these departments. It provides that:

"The judicial power of the state of North Dakota shall be vested in a supreme court, district courts, county courts, justices of the peace, and in such other courts as may be created by law for cities, incorporated towns and villages." N. D. Const. § 85.

"Any vacancy happening by death, resignation, or otherwise in the office of judge of the supreme court shall be filled by appointment, by the governor, which appointment shall continue until the first general election thereafter, when said vacancy shall be filled by election." N. D. Const. § 98.

Section 104 of the Constitution provides for a division of the state into judicial districts, and further provides that, in each of such districts, "there shall be elected at general elections, by the electors thereof, one judge of the district court therein, whose term of office shall be four years from the first Monday in January succeeding his election and until his successor is duly qualified. This section shall not be construed as governing the first election of district judges under this Constitution."

The Constitution elsewhere provides that the first judges of the district court shall be chosen at an election to be held in October, 1889, and shall "hold their offices until the first Monday in January, 1893, and until their successors are elected and qualified." N. D. Const. Schedule, § 16.

There is no specific provision in the Constitution relating to the filling of a vacancy in the office of judge of the district court. Hence, the filling of such vacancy is controlled by § 78 of the Constitution which provides:

"When any office shall from any cause become vacant, and no mode is provided by the constitution or law for filling such vacancy, the governor shall have power to fill such vacancy by appointment."

The legislative assembly has provided as follows regarding vacancies in state and district offices:—"All vacancies, except in the office of a. member of the legislative assembly, shall be filled by appointment as follows: 1. In state and district offices by the governor." Comp. Laws 1913, § 696. "Appointments . . . shall be made in writing and shall continue in force until the expiration of the term in which the vacancy occurs and until his successor is elected and qualified, except as otherwise expressly provided by law." Comp. Laws 1913, § 699.

We are of the opinion that under these constitutional and statutory provisions the governor has the power, and it is his duty, when a vacancy occurs in the office of judge of the district court to fill such vacancy by appointment for the unexpired term in which the vacancy occurs.. It is significant that the Constitution specifically provides that a vacancy "in the office of judge of the supreme court shall be filled by appointment, by the governor, which appointment shall continue until the first general election thereafter when said vacancy shall be filled by election" (N. D. Const. § 98), but contains no such provision as regards the office of a judge of the district court. The provisions relating to the election, qualification and terms of office of judges of the supreme court and of judges of the district court are contained in the same article of the Constitution. These matters were considered by the framers of the Constitution at the same time and if they had intended to make the same provision as regards the filling of a vacancy in the office of judge of the district court as they made as regards the filling of a vacancy in the office of a judge of the supreme court they would doubtless have done so in express terms. Section 78 of the Constitution gives the governor power to fill, by appointment, any vacancy that may occur in any office, where "no mode is provided by the constitution or laws for filling such vacancy." The legislature has

provided that a vacancy in the office of a judge of the district court shall be filled by appointment by the governor. Comp. Laws 1913, § 696. And it has also provided that such appointment shall continue in force until the expiration of the term in which the vacancy occurs, and until a successor is elected and qualified. Comp. Laws 1913, § 699.

While no case has been decided by this court involving the question presented for determination here, that question has arisen time and again in the operation of our state government so as to require the executive department to consider and determine it. Thus, in January, 1913, a vacancy occurred in the office of judge of the district court of the first judicial district by the death of Judge Templeton who had been re-elected at the general election held in 1912. Judge Templeton died January 3, 1913. The term to which he had been elected began Monday, January 6, 1913. On January 9, 1913, the then Governor Hanna appointed the Honorable C. M. Cooley to fill the whole unexpired term, namely, to fill the office of judge of the district court of the first judicial district until the first Monday in January 1917. Judge Cooley accepted the appointment and held office pursuant thereto until the first Monday in January, 1917, and no question was ever raised, either as to the power of the governor to make the appointment or as to the right of Cooley to hold the office for the whole of the unexpired term.

On April 1, 1928, a vacancy occurred in the office of Railroad Commissioner. This vacancy was occasioned by the resignation of Railroad Commissioner Milholland, who had been elected at the general election in November, 1926, for a term of six years. The then Governor Sorlie filled the vacancy caused by Milholland's resignation by the appointment of Ben Larkin for the remainder of the six year term, and Larkin is still holding the office under such appointment. Hence, whenever the question has presented itself the executive department has construed the laws of this state as authorizing the governor to fill a vacancy in state and district offices for the entire unexpired term, except in cases (like the office of judge of the supreme court) where the Constitution expressly prescribes otherwise. Comp. Laws 1913, § 696. We are of the opinion therefore that a judge of the district court of the third judicial district is not to be chosen at the election to be held

in 1930, and that consequently the defendant is entirely correct in refusing to place the name of the relator upon the primary election ballot as a candidate for nomination for such office. The application for a writ of mandamus is denied.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.